**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MONIQUE HOFKIN** : <br> 3839 Ridgeview Road : <br> Huntingdon Valley, PA  19006 : <br> : <br> : <br> vs. : <br> : <br> **LM GENERAL INSURANCE COMPANY** : <br> **A/K/A THE FIRST LIBERTY INSURANCE** : <br> **CORPORATION A/K/A LIBERTY MUTUAL** : <br> **INSURANCE COMPANY** : <br> 175 Berkeley Street : <br> Boston, MA  02117 : | NO. |

**CIVIL ACTION COMPLAINT**

Plaintiff, Monique Hofkin, by her attorneys, Robert S. Miller, Esquire of Wapner Newman, hereby demands damages of defendant, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and damages for prejudgment delay, upon causes of action upon which the following are statements:

**COUNT I
(FACTS COMMON TO ALL COUNTS)
PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Monique Hofkin, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 3839 Ridgeview Road, Huntingdon Valley, PA 19006.

2. Defendant, LM General Insurance Company a/k/a The First Liberty Insurance Corporation a/k/a Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"), is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts registered to do business in the Commonwealth of Pennsylvania as an insurance company, with a principle place of business therein at the above captioned address.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendant.

4. Venue in this Court is proper under 28 U.S.C. §1391 because the defendant has significant contacts within this jurisdiction.

## FACTUAL BACKGROUND

5. At all times material hereto, plaintiff was insured under a policy of motor vehicle insurance in which the named insured elected the Full Tort option under the Pennsylvania Motor Vehicle Financial Responsibility Law.

6. Limited Tort does not apply to this action.

7. On or about August 18, 2018, at or about 3:04 p.m., plaintiff, Monique Hofkin, was an operator of a motor vehicle on or near Fairmont Avenue at or near Florida Avenue in Atlantic City, New Jersey.

8. On or about August 18, 2018, at or about 3:04 p.m., an unidentified operator of an unidentified motor vehicle was on or near Fairmont Avenue near Florida Avenue in Atlantic City, New Jersey.

9. At the time and place aforesaid, the motor vehicle operated by plaintiff, Monique Hofkin, was insured with defendant, Liberty Mutual, under a policy for automobile insurance, including policy number A0S-288-659933-70 8 9 (hereinafter "Liberty Mutual policy").

10. At the time and place aforesaid, said policy issued by defendant, Liberty Mutual, was for no less than one (1) motor vehicle.

11. Within the above identified Liberty Mutual policy of automobile insurance, defendant, Liberty Mutual, by the terms of which it contracted to pay first party benefits on

account of injuries from a motor vehicle accident, including but not limited to Uninsured Motorist (hereinafter "UM") benefits for injuries arising from a motor vehicle accident.

12. Within the said policy of automobile insurance, by the terms of which defendant, Liberty Mutual, contracted to pay first party benefits on account of plaintiff's injuries, including but not limited to "UM" benefits, to plaintiff for injuries arising from a motor vehicle accident involving an uninsured driver and uninsured motor vehicle.

13. Within the said policy of automobile insurance, by the terms of which defendant, Liberty Mutual, contracted to pay first party benefits on account of plaintiff's injuries, including but not limited to "UM" benefits, to plaintiff for injuries arising from a motor vehicle accident involving an unidentified operator of an unidentified motor vehicle.

14. Plaintiff timely placed defendant, Liberty Mutual, on notice for this "UM" benefits after the subject motor vehicle collision.

15. Plaintiff properly complied with the terms and conditions of said policy to bring a claim for "UM" benefits under said policy.

16. Defendant, Liberty Mutual's, policy provides no less than Two Hundred Thousand ($250,000.00) Dollars per person of "UM" benefits per person insured under said Liberty Mutual policy.

17. Defendant, Liberty Mutual's, policy for automobile insurance was in full force and effect on August 18, 2018.

18. Additional yet to be identified policies issued by defendant, Liberty Mutual, under which plaintiff may be an insured on the date of this accident may have also been in full force and effect on August 18, 2018.

19. At all times material hereto, defendant, Liberty Mutual, was acting by and through its respective agents, servants and/or employees operating in the course and scope of their employment with defendant, Liberty Mutual.

20. At the time and place as aforesaid, the unidentified/uninsured operator and the unidentified/uninsured motor vehicle were "uninsured."

21. At the time and place as aforementioned, the unidentified operator of the unidentified motor vehicle carelessly and negligently operated said unidentified motor vehicle so as to cause a collision with the motor vehicle operated by plaintiff, Monique Hofkin, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

22. The accident aforementioned was caused by the negligence of the unidentified operator of the unidentified motor vehicle and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

23. The wrongful and negligent conduct of the unidentified operator of the unidentified motor vehicle, individually and by and through its agents, servants and/or employees, consisted of, among other things, the following:

   a. Failing to have said motor vehicle under adequate and proper control;
   b. Operating said motor vehicle at a high and excessive rate of speed under the circumstances;
   c. Failing to use due caution in driving said motor vehicle;
   d. Failing to pay attention to the roadway while operating said motor vehicle;
   e. Failing to take due note of the point and position of plaintiff's motor vehicle;
   f. Failing to maintain an assured clear distance with plaintiff's motor vehicle;
   g. Failing to yield the right-of-way;
   h. Failing to warn plaintiff;
   i. Failing to stop said motor vehicle;
   j. Failing to maintain a proper lookout;
   k. Striking plaintiff's motor vehicle;

      l.      Disregarding the designated lanes of travel on the road;
      m.    Causing injuries to plaintiff;
      n.     Failing to prevent injuries to plaintiff;
      o.     Failing to properly maintain said motor vehicle;
      p.     Failing to properly inspect said motor vehicle;
      q.     Disregarding applicable traffic controls and/or signals;
      r.      Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances;

24. As a result of the accident aforementioned, plaintiff, Monique Hofkin, sustained multiple injuries including, but not limited to, Closed head injury, Concussion, Post-Concussion Syndrome, cervical disc injury, cervical radiculopathy, cervical strain and sprain, thoracic strain and sprain, lumbar disc injury, lumbar radiculopathy, lumbar strain and sprain, shoulder contusion as well as other injuries to her head, neck and back, their bones, cells, tissues, nerves, muscles and functions; and shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

25. As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

26. As a further result of defendant's negligence as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

27. As a result of this accident, plaintiff has suffered an injury which is permanent, irreparable and severe.

28. As a further result of the defendant's negligence, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

29. As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

30. As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which the defendant is liable.

31. Plaintiff is entitled to make a claim for Uninsured Motorist benefits with Defendant, Liberty Mutual, pursuant to said policy.

32. Plaintiff demands payment of Uninsured Motorist benefits from Defendant, Liberty Mutual.

33. Defendant, Liberty Mutual, is obligated to provide Uninsured Motorist benefits to Plaintiff.

34. It is the duty and obligation of Defendant, Liberty Mutual, to pay Uninsured Motorist benefits to Plaintiff.

35. Defendant, Liberty Mutual, is in breach of its contractual obligations to plaintiff.

WHEREFORE, plaintiff demands judgment against defendant and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

A jury trial is demanded.

                              **WAPNER NEWMAN**

                              BY: *Robert S. Miller*
                                   **ROBERT S. MILLER, ESQUIRE**
                                   **ANASTASIA B. WOHAR, ESQUIRE**
                                   2000 Market Street, Suite 2750
                                   Philadelphia, PA 19103
                                   rmiller@wapnernewman.com
                                   (215)569-0900 (telephone)
                                   (215) 569-4621 (facsimile)